## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

WAYNE ALLEN BEAHM,

                Plaintiff,

v.                                    CIVIL ACTION NO.  5:10-cv-00897

DAVID BERKEBILE, et al.,

                Defendants.

### MEMORANDUM OPINION AND ORDER

      Wayne Allen Beahm, an inmate at Federal Correction Institution, Beckley ("FCI Beckley"), filed the instant civil rights action, pursuant to 42 U.S.C. § 1983,[1] alleging that he is receiving inadequate medication to manage his chronic back pain.  After careful review of Plaintiff's Complaint (Document No. 2) and the entire record herein, the Court finds that Plaintiff has failed to exhaust his administrative remedies.  Therefore, the instant claim must be dismissed without prejudice, pursuant to 28 U.S.C. §1915A(b)(1), for failure to state a claim upon which relief may be granted.[2]

      On July 13, 2010, Plaintiff, proceeding *pro se*, filed a Complaint against David A. Berkebile, Warden of FCI Beckley, and K. Thompson, Health Services Administrator, in which he alleges that

---

[1]  Plaintiff did not state the statutory basis for his claim in his Complaint.  However, on August 3, 2010, in open court Plaintiff stated that he was seeking relief pursuant to 42 U.S.C. § 1983.  Giving a liberal construction to the complaint, (*see Haines v. Kerner*, 404 U.S. 519 (1972)), the Court could construe Plaintiff's claim as one pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983; federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 & n. 30 (1982).

[2]  Section 1915A outlines the screening process that a court must perform in cases in which a prisoner seeks redress from a governmental entity, officer or employee of a governmental entity.  On review, the court shall dismiss the case if the Complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted.

as a result of a 1983 back surgery, he is now suffering from complications in his lower back and legs which has produced chronic and severe back pain.  Plaintiff contends that the current medications provided at FCI Beckley are "totally inadequate to relieve [this] pain" and that a medical center like that in the Bureau of Prisons in Lexington, Kentucky, could provide him with physical therapy and a pain management plan (Compl. at 4-5).  Plaintiff states that he has exhausted the administrative remedies and now seeks: (1) a court order transferring him immediately to a Bureau of Prisons medical center facility that could provide physical therapy and a pain management plan; (2) compensatory and punitive damages in an amount determined by the court, and (3) attorneys' fees.

Pursuant to 28 U.S.C. § 1915A, the Court conducted its screening of Plaintiff's Complaint, scheduled a show cause hearing for August 3, 2010, and ordered Plaintiff to submit all documents demonstrating the exhaustion of administrative remedies by July 30, 2010.  (*See* Order (Document No. 5)).  In a handwritten response to the Court's order, Plaintiff advised that he did not have immediate access to the requested documentation, but that he would attempt to provide the documents at the hearing. (*See* Letter to Court (Document No. 7.))  However, at the hearing Plaintiff did not produce any such documentation.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies prior to filing civil actions challenging conditions of confinement.  *See* 42 U.S.C. § 1997e(a)(1996); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (requiring proper exhaustion of administrative remedies).  The Court has reviewed the August 2, 2010, decision of the Regional Administrative Remedy Appeal–submitted at the hearing by Defendants–and finds that the Regional Director concluded that Plaintiff submitted the appeal on April 26, 2010; that on May 18, 2010, Plaintiff received approval of a request for a MRI of his back;

2

and that following completion of the test "a decision regarding [his] treatment needs, to include possible transfer to a medical center, can be addressed." The decision further noted that Plaintiff's appeal of the Warden's decision was denied and that Plaintiff has an avenue to seek further appeal to the General Counsel of the Bureau of Prisons within 30 days of the decision. Plaintiff advised the Court that he was not aware of the decision. Based on the uncontroverted record established in the August 3, 2010 hearing, the Court finds that Plaintiff has not concluded the administrative remedy process.

Accordingly, having examined the record and considered the applicable law, the Court does hereby **ORDER** that the instant case is **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. §1915A(b)(1), for failure to state a claim upon which relief may be granted, and **STRICKEN** from the Court's docket. The Court further **ORDERS** that given the aforementioned findings, the Defendant's Motion to Dismiss (Document No. 8) is hereby **DENIED AS MOOT.**[3] The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:        August 6, 2010

IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[3] On August 2, 2010, Defendants moved to dismiss the case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that the petition, which they perceived was brought pursuant to 28 U.S.C. § 2441, was not the proper vehicle to challenge the conditions of Plaintiff's confinement and that Plaintiff failed to exhaust his administrative remedies as required by law. (*See* Respondents' Motion to Dismiss (Document No. 8) at 1.) Prior to the hearing, Defendants filed a Declaration by a Sharon Wahl, Paralegal for the Beckley Consolidated Legal Center, located at FCI Beckley, and various documents demonstrating Plaintiff's administrative remedy history with respect to the instant claim. (*See* Declaration of Sharon Wahl (Document No. 11).) The Court makes no findings herein with respect to Defendant's proffered grounds for dismissal or the merits of Plaintiff's claim that he is being denied adequate pain medication to treat his documented chronic back pain. However, it is not lost on this Court that Plaintiff received a doctor's visit and a MRI test prior to the scheduled show cause hearing.